# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: March 24, 2026

```
* * * * * * * * * * * * * * * ***
BRIAN BEHRENS,                   *
                                 *
            Petitioner,          *    No. 19-1081V
                                 *
v.                               *    Special Master Young
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * * * * ***
```

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
*Tyler King*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 26, 2019, Brian Behrens ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2018). Petitioner alleged that he suffered from adverse effects, including skin disease and scarring from acute generalized exanthematous pustulosis ("AGEP"), as a result of a Hepatitis A and Hepatitis B ("Hepatitis A/B") vaccine he received on August 27, 2018. Pet., ECF No. 1.

On March 24, 2026, the parties filed a stipulation (attached as Appendix A) in which they state that a decision should be entered awarding compensation to Petitioner. Stipulation ¶ 7, ECF No. 55. Respondent "denies that [P]etitioner's alleged injury or its residual effects were caused-in-fact by the Hepatitis A/B vaccine, and denies that the Hepatitis A/B vaccine caused [P]etitioner any other injury or [P]etitioner's current condition." *Id.* ¶ 6. Nevertheless, the parties agree to the joint stipulation. *See id.* ¶ 7. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

The parties stipulate that Petitioner shall receive the following compensation:

> (a) **A lump sum payment of $45,000.00 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

*Id.* ¶ 8. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young
Herbrina D.S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

BRIAN BEHRENS,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 19-1081V
Special Master Young
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1.      Brian Behrens ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to petitioner's receipt of the Hepatitis A and Hepatitis B ("Hepatitis A/B") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.      Petitioner received his Hepatitis A/B vaccination on August 27, 2018.

3.      The Hepatitis A/B vaccine was administered within the United States.

4.      Petitioner alleges that he suffered adverse effects, including skin disease and scarring from acute generalized exanthematous pustulosis ("AGEP"), as a result of the Hepatitis A/B vaccine administered on August 27, 2018. Petitioner further alleges that he experienced the residual effects of his condition for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6.      Respondent denies that petitioner's alleged injury or its residual effects were caused-in-fact by the Hepatitis A/B vaccine, and denies that the Hepatitis A/B vaccine caused petitioner any other injury or petitioner's current condition.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of the Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum payment of **$45,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in the case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon the petition.

10.      Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11.     Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of the Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa 10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Hepatitis A/B vaccine administered on or about August 27, 2018, as alleged by petitioner in a petition for vaccine compensation filed on July 26, 2019, in the United States Court of Federal Claims as petition No. 19-1081V.

14.     If petitioner should die prior to entry of judgment, the agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity

3

with a decision that is in complete conformity with the terms of the Stipulation, then the parties' settlement and the Stipulation shall be voidable at the sole discretion of either party.

16.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in the Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise the agreement.

17.    The Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Hepatitis A/B vaccine caused petitioner's alleged skin disease or any other injury or petitioner's current condition, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

**BRIAN BEHRENS**

**ATTORNEY OF RECORD
FOR PETITIONER:**

LEAH V. DURANT, ESQ.
Law Offices of Leah V. Durant, PLLC
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: 202-775-9200
ldurant@durantllc.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S. Beach -S   Digitally signed by Jeffrey S. Beach -S   Date: 2026.03.10 08:59:48 -04'00'   for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

TYLER C. KING
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0730
Tyler.King@usdoj.gov

Dated: March 27, 2026

5